United States Court of Appeals,

Eleventh Circuit.

No. 94-5244.

Deryck Barrington RAMSEY, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

June 21, 1995.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before COX and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM.

Deryck Ramsey was ordered deported from the United States under sections 241(a)(2)(A)(ii) and (iii) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1251(a)(2)(A)(ii), (iii), because he had been convicted after entering the United States of two separate crimes involving moral turpitude, and also because one of those crimes was an aggravated felony. Ramsey appealed the deportation order to the Board of Immigration Appeals (BIA). After conducting a de novo review, the BIA dismissed Ramsey's appeal. Ramsey now appeals from the BIA decision, contending that the BIA erred in determining his conviction for attempted lewd assault under Florida Statutes § 800.04(1) was an aggravated felony, and that the BIA abused its discretion by denying Ramsey's request for a waiver of deportability under INA § 212(c), 8 U.S.C. § 1182(c). We affirm.

I. FACTS AND PROCEDURAL HISTORY

Deryck Ramsey is a native and citizen of Jamaica who was

admitted to the United States as a lawful permanent resident in October 1976.  Ramsey's mother, brother, and sister live in the United States;  they are all United States citizens.  In addition, Ramsey has fathered four children, all of whom live in the United States and are United States citizens.

On September 10, 1990, Ramsey was convicted of lewd assault in violation of Florida Statutes § 800.04(2) for having committed a sexual battery "upon A.R., a child under the age of 16 years, by inserting his penis in A.R.'s vagina."  (R.1 at 190, 194).  He was sentenced to five years of supervised probation.  While Ramsey was still on probation, he committed another violation.  On March 8, 1993, Ramsey was charged with violating Florida Statutes §§ 777.04(1) and 800.04(1) by "attempt[ing] to commit a Lewd Assault." The information alleged that Ramsey "attempt[ed] to rub M.W.'s vagina, but [he] failed in the perpetration or was intercepted or prevented in the execution of said offense." (R.1 at 171).  Ramsey pled guilty to attempted lewd assault.  The trial court accepted Ramsey's plea, revoked his probation, and sentenced him to a five year term of imprisonment to run concurrently with his original five year sentence.  The court entered its judgment on May 12, 1993.

After Ramsey was convicted of the second offense, the Immigration and Naturalization Service (INS) commenced deportation proceedings against Ramsey.  The INS charged that Ramsey was deportable for two reasons.  First, it alleged he was deportable under INA § 241(a)(2)(A)(ii), 8 U.S.C. § 1251(a)(2)(A)(ii), because he had been convicted, after entry into the United States, of two

separate crimes involving moral turpitude. Second, the INS charged that Ramsey was deportable under INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii), because he had been convicted of an aggravated felony after entering the United States. After a hearing, an immigration judge found that Ramsey was deportable as charged.

Ramsey thereafter applied for a waiver of deportability pursuant to INA § 212(c), 8 U.S.C. § 1182(c). After conducting an evidentiary hearing, the immigration judge denied Ramsey's § 212(c) application. Ramsey appealed the decisions of the immigration judge to the BIA. Ramsey raised two major issues on appeal. [1] Ramsey challenged his deportability as an aggravated felon pursuant to INA § 241(a)(2)(A)(iii) and the immigration judge's denial of his request for a waiver of deportability pursuant to INA § 212(c).

The BIA found that Ramsey's conviction for attempted lewd assault on May 12, 1993 was an aggravated felony for which Ramsey was deportable under INA § 241(a)(2)(A)(iii). The BIA also denied Ramsey's application for a waiver of deportability under INA § 212(c). Ramsey appeals the BIA's decision to this court.

II. ISSUES ON APPEAL AND STANDARDS OF REVIEW

Ramsey raises two issues on appeal. First, he contends that the BIA erred in finding him deportable as an aggravated felon pursuant to INA § 241(a)(2)(A)(iii), arguing that attempted lewd

---

[1]In its order, the BIA noted that Ramsey raised several other specific objections to the immigration judge's decision. Because the BIA reviewed Ramsey's application de novo, it found that it did not need to address the other contentions. (R.1 at 13).

assault is not an aggravated felony.[2]  Whether Ramsey's conviction

for attempted lewd assault is an aggravated felony is a question of

law which we review de novo.  *See Kaczmarczyk v. I.N.S.,* 933 F.2d

588, 593 (7th Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 583, 116

L.Ed.2d 608 (1991).

Second, Ramsey contends that the BIA erred in denying

Ramsey's application for relief from deportation pursuant to INA §

212(c).  We review the BIA's denial of § 212(c) relief for abuse of

discretion, *Blackwood v. I.N.S.,* 803 F.2d 1165, 1168 (11th

Cir.1986), and find Ramsey's contention that the BIA abused its

discretion to be completely without merit.[3]  Therefore, we limit

our discussion to Ramsey's first contention.

### III. DISCUSSION

Ramsey was convicted of two offenses.  He was convicted of

lewd assault in September 1990 and of attempted lewd assault in May

1993.  It is uncontroverted that both offenses are crimes involving

moral turpitude.  Ramsey only challenges the finding that he

committed an aggravated felony.  Therefore, the sole issue meriting

---

[2]Regardless of whether Ramsey is an aggravated felon, he is still deportable pursuant to INA § 241(a)(2)(A)(ii) because of his conviction for two crimes of moral turpitude.  Nonetheless, Ramsey contends the finding that he is deportable as an aggravated felon pursuant to INA § 241(a)(2)(A)(iii) is material because under INA § 212(a)(6)(B), 8 U.S.C. § 1182(a)(6)(B), aliens who apply for readmission into the United States within five years of being deported are generally excludable unless the Attorney General consents to the readmission;  however, in the case of aggravated felons, the Attorney General's consent is required for 20 years.  *Id.*  We agree with Ramsey's contention and therefore consider the merits of whether he is deportable pursuant to INA § 241(a)(2)(A)(iii).

[3]We affirm the BIA's denial of § 212(c) relief without discussion pursuant to 11th Cir.R. 36-1.

discussion in this case is whether the BIA erred in finding Ramsey deportable under INA § 241(a)(2)(A)(iii) as an aggravated felon. Ramsey contends that his conviction for attempted lewd assault is an aggravated felony only if it constitutes a crime of violence, as defined in 18 U.S.C. § 16. Ramsey argues that his violation of Fla.Stat. § 800.04 is not a crime of violence. The INS contends, however, that attempted lewd assault is a crime of violence under 18 U.S.C. § 16 because it is a felony involving a substantial risk that physical force may be used against the victim.

Our discussion of this issue begins with the text and relevant history of INA § 241(a)(2)(A)(iii), which provides: "Any alien who is convicted of an aggravated felony at any time after entry is deportable." INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii). The term "aggravated felony" is defined in INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). The section currently defines an "aggravated felony" as one of a number of offenses, including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of imprisonment) is at least 5 years." INA § 101(a)(43)(F).[4]

---

[4]It is uncontroverted that Ramsey's offenses would only qualify as aggravated felonies if they are considered "crime[s] of violence." The BIA correctly found that Ramsey's first conviction for lewd assault in September 1990 is not an aggravated felony under INA § 241(a)(2)(A)(iii) because at the time Ramsey was convicted, INA § 101(a)(43) did not include "a crime of violence" in its definition of "aggravated felony." But in November 1990, the definition of "aggravated felony" in § 101(a)(43) was amended to include a "crime of violence." The amendment only applies, however, to offenses committed after November 29, 1990, the effective date of the amendment. Immigration Act of 1990, Pub.L. No. 101-649, § 501, 104 Stat. 4978, 5048 (1990). Because Ramsey's first conviction occurred in

As required by INA § 101(a)(43)(F), we look to the definition of "crime of violence" in 18 U.S.C. § 16 to determine whether attempted lewd assault is an aggravated felony. According to that section, a "crime of violence" is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In determining whether Ramsey committed a crime of violence by violating Florida Statutes §§ 777.04(1) and 800.04(1), we only look at the statutory definition of the crime of conviction, not the underlying facts and circumstances of Ramsey's particular offense. *United States v. Reyes-Castro,* 13 F.3d 377, 379 (10th Cir.1993). We do so because the definition of "crime of violence" requires us to look at whether the elements of the offense include the "use, attempted use, or threatened use of physical force," or whether the offense, if a felony, involves a substantial risk of the use of physical force. *See id.; United States v. Rodriguez,* 979 F.2d 138, 141 (8th Cir.1992).

---

September 1990, several months before the effective date of the amendment, it does not qualify as a "crime of violence" under § 101(43) even if the underlying crime would otherwise constitute a "crime of violence."

Ramsey was also convicted, however, of attempted lewd assault in May 1993 based on his conduct in December 1992. Because both the criminal conduct and the conviction for this offense took place after the effective date of the 1990 amendment, Ramsey's conviction for attempted lewd assault in violation of Fla.Stat. §§ 777.04(1) and 800.04(1) constitutes an "aggravated felony" if the underlying crime constitutes a "crime of violence" as stated in INA § 101(a)(43)(F).

Ramsey violated Florida Statutes §§ 777.04(1), and 800.04(1), by attempting a lewd assault on a child under the age of 16. Section 777.04(1) criminalizes the attempt to commit substantive offenses. Section 800.04(1) defines the underlying substantive offense that Ramsey attempted to commit. The section reads, in relevant part:

> A person who:
>
> (1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
>
> ....
>
> without committing the crime of sexual battery, commits a felony of the second degree.... Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section....

Fla.Stat. § 800.04. Thus, a violation of section 800.04 may be committed through a variety of acts, such as handling, fondling, or assaulting a child in a lewd, lascivious, or indecent manner. Although a violation of § 800.04 might be accomplished without the use of physical force, we conclude that the offense is a felony which involves a substantial risk that physical force may be used against the victim in the course of committing the offense. Two other circuits have come to the same conclusion in analyzing similar statutes. *See Reyes-Castro,* 13 F.3d at 378-79; *Rodriguez,* 979 F.2d at 140-41. Therefore, we hold that a violation of Florida Statutes § 800.04(1) is a "crime of violence" as defined in 18 U.S.C. § 16.

We note that Ramsey was not convicted of the substantive offense, but rather of attempting to commit an act in violation of § 800.04(1). However, if a particular substantive crime carries

with it a substantial risk that physical force would be used, it follows that an attempt to commit such a crime also involves a substantial risk of physical force. Therefore, we conclude that the attempt to commit lewd assault, in violation of Florida Statutes §§ 777.04(1) and 800.04(1), is a felony involving a substantial risk that physical force may be used against the victim. Thus, the attempt to commit lewd assault is a "crime of violence" as defined in 18 U.S.C. § 16, thereby constituting an aggravated felony under INA § 101(a)(43).[5] Consequently, the BIA did not err in finding Ramsey deportable as an aggravated felon pursuant to INA § 241(a)(2)(A)(iii).

## IV. CONCLUSION

We hold that an attempt to commit a lewd assault in violation of Florida Statutes §§ 777.04(1) and 800.04(1) is a "crime of violence" as defined in 18 U.S.C. § 16, which constitutes an aggravated felony under INA § 101(a)(43). Therefore, we conclude that the BIA did not err in finding Ramsey deportable as an aggravated felon pursuant to INA § 241(a)(2)(A)(iii). Moreover, we hold that the BIA did not abuse its discretion in denying Ramsey's application for relief from deportation pursuant to INA § 212(c).

AFFIRMED.

---

[5]We note that in 1994, INA § 101(a)(43) was amended to include in the definition of "aggravated felony" the "attempt or conspiracy to commit an offense described [in § 101(a)(43) ]." This amendment, however, does not apply in Ramsey's case because the amendment only applies to convictions after the enactment of the amendment. Immigration and Nationality Technical Corrections Act of 1994, Pub.L. No. 103-416, § 222, 108 Stat. 4305, 4320 (1994). Although the amendment does not apply to Ramsey's 1993 conviction, Ramsey's conviction is still an aggravated felony because attempted lewd assault is a "crime of violence."