[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 23 2001
THOMAS K. KAHN
CLERK

No. 00-10175

D. C. Docket No. 99-00242-CR-1-1-JEC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILARION ALFONSO MARIN-NAVARETTE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(March 23, 2001)**

Before DUBINA, FAY and COX, Circuit Judges.

DUBINA, Circuit Judge:

A federal grand jury indicted appellant Hilarion Marin-Navarette ("Marin-Navarette") for violating 8 U.S.C. § 1326, which prohibits an alien who has previously been deported from re-entering the United States without the consent and permission of the United States Attorney General. Authorities deported Marin-Navarette twice – once following a drug conviction and a second time after his conviction for Attempted Child Molestation in the Third Degree. Marin-Navarette presents an interesting issue for our review: whether his prior conviction for Attempted Child Molestation in the Third Degree qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), which triggers a 16-level increase in his base offense level. *See* U.S.S.G. § 2L1.2. For the reasons that follow, we hold that it does.

**BACKGROUND**

In March 1999, the Cobb County, Georgia, Sheriff's Department notified Immigration and Naturalization Services ("INS") Agent John Broderick that Marin-Navarette, an illegal alien, was in its custody for driving with no proof of insurance and no driver's license. During an interview with Agent Broderick, Marin-Navarette disclosed that he was a citizen of Mexico, that he had previously been deported from the United States, and that he most recently re-entered the

2

United States in December 1998. Marin-Navarette also admitted that he had not applied to the United States Attorney General for permission to re-enter the United States. Further investigation by the INS disclosed that Marin-Navarette had been deported twice. The first deportation occurred following his conviction for violating Washington State's Controlled Substances Act. Authorities deported Marin-Navarette a second time following his guilty plea to Attempted Child Molestation in the Third Degree pursuant to Washington State law.

The grand jury indicted Marin-Navarette for violating 8 U.S.C. § 1326, and Marin-Navarette entered a guilty plea. At his sentencing hearing, Marin-Navarette challenged whether his state conviction for Attempted Child Molestation in the Third Degree qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43). The district court concluded that 8 U.S.C. § 1101(a)(43)(A) includes "sexual abuse of a minor" in its definition of the term "aggravated felony." Therefore, the district court reasoned that Marin-Navarette's prior conviction for Attempted Child Molestation qualified as an "aggravated felony," triggering the 16-level increase in the base offense level. The district court sentenced Marin-Navarette to 70 months imprisonment followed by three years supervised release.

## DISCUSSION

Marin-Navarette contends that his prior conviction for Attempted Child Molestation in the Third Degree is a gross misdemeanor under Washington law and does not fall within the definition of "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(A). He contends that felony status is an absolute requirement for the use of the "aggravated felony" enhancement. Marin-Navarette also posits that when Congress amended section 1101(a)(43), it did not make clear its intent to change the long-established rule that only crimes with penalties over one year are felonies. He relies on this alternative argument because the state court sentenced him to nine months incarceration on the attempted child molestation charge. Therefore, he argues, this court should assume that Congress did not intend to change that rule.

Marin-Navarette's argument fails primarily because the language of the statute is clear that sexual abuse of a minor is an "aggravated felony." *See* 8 U.S.C. § 1101(a)(43)(A) (defining an "aggravated felony" as "murder, rape, or sexual abuse of a minor"). Congress made its intent clear by enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to specifically include within the meaning of "aggravated felony" sexual abuse of a minor and by not linking such a conviction to any term of imprisonment. By adding sexual abuse of a minor to the definition of "aggravated felony" without

4

any reference to a term of imprisonment, Congress broadened the coverage of the "aggravated felony" classification. Furthermore, sexual abuse of a minor is included in the definition with other flagitious acts such as murder and rape. Thus, Congress clearly intended to include these heinous acts as aggravated felonies.

We also note that prior to the amendment of the IIRIRA, sexual abuse of a minor was considered an "aggravated felony" because it was a crime of violence. *See Ramsey v. INS*, 55 F.3d 580 (11th Cir. 1995). Since Congress did not change the definition of "aggravated felony" when it made the amendments to the IIRIRA, we will not surmise a change. Congress clearly considers any crime of sexual abuse of a minor to be an "aggravated felony." The fact that Marin-Navarette was convicted of *Attempted* Child Molestation makes no difference. *See* 8 U.S.C. § 1101(a)(43)(U). Marin-Navarette engaged in flagitious conduct when he used cocaine with a 14 year-old girl, then forced her to the ground, got on top of her and inserted his finger into her vagina. This conduct meets Congress's intended definition of "aggravated felony."

Alternatively, Marin-Navarette argues that because his offense is a misdemeanor, it cannot be an "aggravated felony." We disagree with this argument and so held in *United States v. Christopher*, ___ F.3d ___, No. 00-10899 (January 22, 2001). In *Christopher*, we adopted the reasoning of our sister circuits

5

and held that some misdemeanors can qualify as "aggravated felonies." *Id.* at ___. We agreed with the third circuit in *United States v. Graham*, 169 F.3d 787 (3rd Cir.), *cert. denied*, 528 U.S. 845, 120 S.Ct. 116 (1999) that Congress was defining a term of art when it used the term "aggravated felony." *Id.* at ___. Moreover, we noted that Congress's failure to specify a term of imprisonment evinces its intent to include misdemeanors within this category.

## CONCLUSION

We hold that Marin-Navarette's conviction for Attempted Child Molestation in the Third Degree, although a misdemeanor under state law, falls within the definition of "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(A). Accordingly, we affirm the district court's imposition of a 16-level increase to Marin-Navarette's base offense level pursuant to U.S.S.G. § 2L1.2(b)(A).

AFFIRMED.

COX, Circuit Judge, dissenting:

When construing a statute, a reviewing court starts by looking to the plain language, giving the words their ordinary meaning. *Neeley v. Nagle*, 138 F.3d 917, 922 (11th Cir. 1998). Application of this basic rule of statutory construction to 8 U.S.C. § 1101(a)(43) compels the unremarkable conclusion that by enumerating offenses under the heading "aggravated felony" Congress described a subset of felonies, felonies distinguished by their tendency to provoke particularly injurious consequences. *See* BLACK'S LAW DICTIONARY 65 (7th ed. 1999) (defining "aggravated" in context of criminal offense as a crime "made worse or more serious by circumstances such as violence, the presence of a deadly weapon, or the intent to commit another crime"). The limited legislative history does not contradict this conclusion. *See* H.R. CONF. REP. NO. 104-828, at 494 (1996).

Because of the traditional and pragmatic distinction between felonies and misdemeanors, it follows that, absent some clear indication to the contrary, § 1101(a)(43) should not be read to include misdemeanors in the subset denominated "aggravated felony." In addition, both the statutory offense, described at 8 U.S.C. § 1326, and the relevant Sentencing Guidelines section, found at § 2L1.2, anticipate a distinction between misdemeanors, felonies, and

7

aggravated felonies.[1]  The inclusion of misdemeanors in the category "aggravated felony" would necessarily blur the distinctions made by the statute, the Guidelines, and the common law.

The Government argues that because Congress did not specifically link the "sexual abuse of a minor" offense to a term of imprisonment, it clearly indicated its intention to include any conviction that might fit that description, whether felony or misdemeanor, as an aggravated felony.  One cannot reach this conclusion, however, without first deciding that the term "aggravated felony" itself has no content.  Because I start from the premise that the word felony has a clear and widely understood meaning, and because I presume Congress to have used the word purposefully, to my mind the absence of language linking sexual abuse of a minor to any term of imprisonment indicates instead the intention to retain the traditional understanding.[2]

---

[1]    *See* 8 U.S.C. § 1326 (providing separate penalties for aliens who have committed "three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)" and for aliens who have been removed "subsequent to a conviction for commission of an aggravated felony"); U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A), (B) & comment. (n.1) (1998) (providing a sixteen level increase in the base offense level for aggravated felonies, while providing a four level increase for felonies or three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses and noting that felony offense "means any federal, state, or local offense punishable by a term of imprisonment for a term exceeding one year").

[2]    The majority notes that sexual abuse of a minor was previously considered an aggravated felony because it was a crime of violence, citing *Ramsey v. INS*, 55 F.3d 580 (11th Cir. 1995), and reasons that amendment of § 1101(a)(43) to explicitly include sexual abuse of a minor

In its briefs and at argument the Government analogized this issue to several cases from other circuits that deal with the treatment of theft offenses under § 1101(a)(43). *See, e.g. United States v. Graham*, 169 F.3d 787, 793 (3d Cir. 1999); *United States v. Pacheco*, 225 F.3d 148, 155 (2d Cir. 2000). We have since adopted the reasoning of our sister circuits in *United States v. Christopher*, 239 F.3d 1191 (11th Cir. 2001), where we determined that Congress explicitly created an exception to the traditional felony-misdemeanor distinction by including some misdemeanor theft offenses in the aggravated felony category. *Christopher*, 239 F.3d at 1193-94. However, neither the reasoning of *Christopher* nor the cases it relies on support the Government's position.

This court reached its conclusion in *Christopher* because Congress explicitly listed "a theft offense . . . for which the term of imprisonment [sic] at least one year" as an "aggravated felony." 8 U.S.C. § 1101(a)(43)(G). This meant that a twelve-month sentence for a theft offense met the aggravated felony criteria in spite of the fact that it was a state law misdemeanor. *Christopher*, 239 F.3d at 1194. The *Christopher* decision was shaped in part by our earlier holding in

---

in the list of enumerated offenses does not change the categorization. The *Ramsey* decision, however, concluded that the attempt to commit a lewd assault against a minor was an aggravated felony because (1) the offense was a felony under Florida law and (2) it included the aggravating factor of "a substantial risk that physical force may be used against the victim in the course of committing the offense," *Ramsey*, 55 F.3d at 583, a conclusion consistent with my understanding of "aggravated felony."

*United States v. Guzman-Bera*, 216 F.3d 1019 (11th Cir. 2000) that in this context, the length of the actual sentence imposed determines whether a crime of theft constitutes an aggravated felony. *Guzman-Bera*, 216 F.3d at 1020. More importantly, in *Christopher* we discerned Congress's clear intent to include maximum-sentence misdemeanants in the aggravated felon category from the language referring to the term of imprisonment.[3] *Christopher*, 239 F.3d at 1193 (stating "[w]e discern a clear intent in the statute to include as an 'aggravated felony' any theft offense for which the term of imprisonment is at least one year."). In other words, § 1103(a)(43)(G) is an exception to the rule that misdemeanors do not fit within the aggravated felony category, an exception created by § 1103(a)(43)(G)'s sentencing language. *Graham*, 169 F.3d at 792-93 (determining Congress's intent to breach ancient line between felonies and misdemeanors and to depart from federal law definition of felony from amendment to sentencing language in § 1103(a)(43)(G)).

---

[3]  In the decisions we adopted in *Christopher*, 239 F.3d 1191 (11th Cir. 2001) our sister circuits stated this conclusion was compelled by the language in § 1101(a)(43)(G) describing the term of imprisonment, but, realizing that this holding did violence to the time-honored line between felonies and misdemeanors, implored Congress to revisit the issue. *See, e.g. United States v. Graham*, 169 F.3d 787, 793 (3d Cir. 1999) (asking Congress to revisit the issue or obviate the difficulty by more careful drafting); *United States v. Pacheco*, 225 F.3d 148, 155 (2d Cir. 2000) (noting incongruence and suggesting solution of terming category "aggravated offenses"). Because there is no language concerning the term of imprisonment mandating the conclusion that Congress intended to include sexual abuse of a minor misdemeanors in the aggravated felony category, I think my conclusion is consistent with *Christopher* and the reasoning of these other cases.

Unlike § 1101(a)(43)(G), § 1101(a)(43)(A) contains no reference, to a term of imprisonment or otherwise, indicating that Congress intended to include sexual abuse of a minor misdemeanors in the category "aggravated felony." In the absence of such language, deciding that § 1101(a)(43)(A) includes misdemeanor offenses makes the exception the rule. Because I do not conclude that Congress made clear an intention to contravene the traditional meaning of felony by including sexual abuse of a minor among the enumerated offenses of 8 U.S.C. § 1101(a)(43), I respectfully dissent.