DUBINA, Circuit Judge:
A federal grand jury indicted appellant Hilarión Marin-Navarette (“Marin-Navar-ette”) for violating 8 U.S.C. § 1326, which prohibits an alien who has previously been deported from re-entering the United States without the consent and permission of the United States Attorney General. Authorities deported Marin-Navarette twice — once following a drug conviction and a second time after his conviction for Attempted Child Molestation in the Third Degree. Marin-Navarette presents an interesting issue for our review: whether his prior conviction for Attempted Child Molestation in the Third Degree qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), which triggers a 16-level increase in his base offense level. See U.S.S.G. § 2L1.2. For the reasons that follow, we hold that it does.
BACKGROUND
In March 1999, the Cobb County, Georgia, Sheriffs Department notified Immigration and Naturalization Services (“INS”) Agent John Broderick that Marin-Navarette, an illegal alien, was in its custody for driving with no proof of insurance and no driver’s license. During an interview with Agent Broderick, Marin-Navarette disclosed that he was a citizen of Mexico, that he had previously been deported from the United States, and that he most recently re-entered the United States in December 1998. Marin-Navar-ette also admitted that he had not applied to the United States Attorney General for permission to re-enter the United States. Further investigation by the INS disclosed that Marin-Navarette had been deported twice. The first deportation occurred following his conviction for violating Washington State’s Controlled Substances Act. Authorities deported Marin-Navarette a second time following his guilty plea to *1286 Attempted Child Molestation in the Third Degree pursuant to Washington State law.
The grand jury indicted Marin-Navar-ette for violating 8 U.S.C. § 1326, and Marin-Navarette entered a guilty plea. At his sentencing hearing, Marin-Navar-ette challenged whether his state conviction for Attempted Child Molestation in the Third Degree qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43). The district court concluded that 8 U.S.C. § 1101(a)(43)(A) includes “sexual abuse of a minor” in its definition of 'the term “aggravated felony.” Therefore, the district court reasoned that Marin-Navarette’s prior conviction for Attempted Child Molestation qualified as an “aggravated felony,” triggering the 16-level increase in the base offense level. The district court sentenced Marin-Navarette to 70 months imprisonment followed by three years supervised release.
DISCUSSION
Marin-Navarette contends that his prior conviction for Attempted Child Molestation in the Third Degree is a gross misdemean- or under Washington law and does not fall within the definition of “aggravated felony” as defined in 8 U.S.C. § 1101(a)(43)(A). He contends that felony status is an absolute requirement for the use of the “aggravated felony” enhancement. Marin-Navarette also posits that when Congress amended section 1101(a)(43), it did not make clear its intent to change the long-established rule that only crimes with penalties over one year are felonies. He relies on this alternative argument because the state court sentenced him to nine months incarceration on the attempted child molestation charge. Therefore, he argues, this court should assume that Congress did not intend to change that rule.
Marin-Navarette’s argument fails primarily because the language of the statute is clear that sexual abuse of a minor is an “aggravated felony.” See 8 U.S.C. § 1101(a)(43)(A) (defining an “aggravated felony” as “murder, rape, or sexual abuse of a minor”). Congress made its intent clear by enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”) to specifically include within the meaning of “aggravated felony” sexual abuse of a minor and by not linking such a conviction to any term of imprisonment. By adding sexual abuse of a minor to the definition of “aggravated felony” without any reference to a term of imprisonment, Congress broadened the coverage of the “aggravated felony” classification. Furthermore, sexual abuse of a minor is included in the definition with other flagi-tious acts such as murder and rape. Thus, Congress clearly intended to include these heinous acts as aggravated felonies.
We also note that prior to the amendment of the IIRIRA, sexual abuse of a minor was considered an “aggravated felony” because it was a crime of violence. See Ramsey v. INS, 55 F.3d 580 (11th Cir.1995). Since Congress did not change the definition of “aggravated felony” when it made the amendments to the IIRIRA, we will not surmise a change. Congress clearly considers any crime of sexual abuse of a minor to be an “aggravated felony.” The fact that Marin-Navarette was convicted of Attempted Child Molestation makes no difference. See 8 U.S.C. § 1101(a)(43)(U). Marin-Navarette engaged in flagitious conduct when he used cocaine with a 14 year-old girl, then forced her to the ground, got on top of her and inserted his finger into her vagina. This conduct meets Congress’s intended definition of “aggravated felony.”
Alternatively, Marin-Navarette argues that because his offense is a misdemeanor, it cannot be an “aggravated felony.” We disagree with this argument and so held in United States v. Christopher, 239 F.3d 1191 (11th Cir.2001). In Christopher, we adopted the reasoning of our sister circuits and held that some misdemeanors can qualify as “aggravated felonies.” Id. at 1193. We agreed with the third circuit in United States v. Graham, 169 F.3d 787 (3rd Cir.), cert. denied, 528 U.S. 845, 120 S.Ct. 116, 145 L.Ed.2d 99 *1287 (1999) that Congress was defining a term of art when it used the term “aggravated felony.” Id. at 1194. Moreover, we noted that Congress’s failure to specify a term of imprisonment evinces its intent to include misdemeanors within this category.
CONCLUSION
We hold that Marin-Navarette’s conviction for Attempted Child Molestation in the Third Degree, although a misdemeanor under state law, falls within the definition of “aggravated felony” as defined in 8 U.S.C. § 1101(a)(43)(A). Accordingly, we affirm the district court’s imposition of a 16-level increase to Marin-Navarette’s base offense level pursuant to U.S.S.G. § 2L1.2(b)(l)(A).
AFFIRMED.