COX, Circuit Judge,
dissenting:
When construing a statute, a reviewing court starts by looking to the plain language, giving the words their ordinary meaning. Neelley v. Nagle, 138 F.3d 917, 922 (11th Cir.1998). Application of this basic rule of statutory construction to 8 U.S.C. § 1101(a)(43) compels the unremarkable conclusion that by enumerating offenses under the heading “aggravated felony” Congress described a subset of felonies, felonies distinguished by their tendency to provoke particularly injurious consequences. See Black’s Law Dictionary 65 (7th ed.1999) (defining “aggravated” in context of criminal offense as a crime “made worse or more serious by circumstances such as violence, the presence of a deadly weapon, or the intent to commit another crime”). The limited legislative history does not contradict this conclusion. See H.R. Conf. Rep. No. 104-828, at 494 (1996).
Because of the traditional and pragmatic distinction between felonies and misdemeanors, it follows that, absent some clear indication to the contrary, § 1101(a)(43) should not be read to include misdemeanors in the subset denominated “aggravated felony.” In addition, both the statutory offense, described at 8 U.S.C. § 1326, and the relevant Sentencing Guidelines section, found at § 2L1.2, anticipate a distinction between misdemeanors, felonies, and aggravated felonies.[1] The inclusion of misdemeanors in the category “aggravated felony” would necessarily blur the distinctions made by the statute, the Guidelines, and the common law.
The Government argues that because Congress did not specifically link the “sexual abuse of a minor” offense to a term of imprisonment, it clearly indicated its intention to include any conviction that might fit that description, whether felony or misdemeanor, as an aggravated felony. One cannot reach this conclusion, however, without first deciding that the term “aggravated felony” itself has no content. Because I start from the premise that the word felony has a clear and widely understood meaning, and because - I presume Congress to have used the word purposefully, to my mind the absence of language linking sexual abuse of a minor to any term of imprisonment indicates instead the intention to retain the traditional understanding.[2]
In its briefs and at argument the Government analogized this issue to several *1288 cases from other circuits that deal with the treatment of theft offenses under § 1101(a)(43). See, e.g. United States v. Graham, 169 F.3d 787, 793 (3d Cir.1999); United States v. Pacheco, 225 F.3d 148, 155 (2d Cir.2000). We have since adopted the reasoning of our sister circuits in United States v. Christopher, 239 F.3d 1191 (11th Cir.2001), where we determined that Congress explicitly created an exception to the traditional felony-misdemeanor distinction by including some misdemeanor theft offenses in the aggravated felony category. Christopher, 239 F.3d at 1193-94. However, neither the reasoning of Christopher nor the cases it relies on support the Government’s position.
This court reached its conclusion in Christopher because Congress explicitly listed “a theft offense ... for which the term of imprisonment [sic] at least one year” as an “aggravated felony.” 8 U.S.C. § 1101(a)(43)(G). This meant that a twelve-month sentence for a theft offense met the aggravated felony criteria in spite of the fact that it was a state law misdemeanor. Christopher, 239 F.3d at 1194. The Christopher decision was shaped in part by our earlier holding in United States v. Guzman-Bera, 216 F.3d 1019 (11th Cir.2000) that in this context, the length of the actual sentence imposed determines whether a crime of theft constitutes an aggravated felony. Guzman-Bera, 216 F.3d at 1020. More importantly, in Christopher we discerned Congress’s clear intent to include maximum-sentence misdemeanants in the aggravated felon category from the language referring to the term of imprisonment.[3] Christopher, 239 F.3d at 1193 (stating “[w]e discern a clear intent in the statute to include as an ‘aggravated felony’ any theft offense for which the term of imprisonment is at least one year.”). In other words, § 1103(a)(43)(G) is an exception to the rule that misdemeanors do not fit within the aggravated felony category, an exception created by § 1103(a)(43)(G)’s sentencing language. Graham, 169 F.3d at 792-93 (determining Congress’s intent to breach ancient line between felonies and misdemeanors and to depart from federal law definition of felony from amendment to sentencing language in § 1103(a)(43)(G)).
Unlike § 1101(a)(48)(G), § 1101(a)(43) (A) contains no reference, to a term of imprisonment or otherwise, indicating that Congress intended to include sexual abuse of a minor misdemeanors in the category “aggravated felony.” In the absence of such language, deciding that § 1101(a)(43)(A) includes misdemeanor offenses makes the exception the rule. Because I do not conclude that Congress made clear an intention to contravene the traditional meaning of felony by including sexual abuse of a minor among the enumerated offenses of 8 U.S.C. § 1101(a)(43), I respectfully dissent.

. See 8 U.S.C. § 1326 (providing separate penalties for aliens who have committed “three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)” and for aliens who have been removed "subsequent to a conviction for commission of an aggravated felony”); U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A), (B) & comment. (n.l) (1998) (providing a sixteen level increase in the base offense level for aggravated felonies, while providing a four level increase for felonies or three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses and noting that felony offense "means any federal, state, or local offense punishable by a term of imprisonment for a term exceeding one year”).

. The majority notes that sexual abuse of a minor was previously considered an aggravated felony because it was a crime of violence, citing Ramsey v. INS, 55 F.3d 580 (11th Cir.1995), and reasons that amendment of § 1101(a)(43) to explicitly include sexual abuse of a minor in the list of enumerated *1288 offenses does not change the categorization. The Ramsey decision, however, concluded that the attempt to commit a lewd assault against a minor was an aggravated felony because (1) the offense was a felony under Florida law and (2) it included the aggravating factor of "a substantial risk that physical force may be used against the victim in the course of committing the offense,” Ramsey, 55 F.3d at 583, a conclusion consistent with my understanding of "aggravated felony.”

. In the decisions we adopted in Christopher, 239 F.3d 1191 (11th Cir.2001) our sister circuits stated this conclusion was compelled by the language in §Ul01(a)(43)(G) describing the term of imprisonment, but, realizing that this holding did violence to the time-honored line between felonies and misdemeanors, implored Congress to revisit the issue. See, e.g. United States v. Graham, 169 F.3d 787, 793 (3d Cir.1999) (asking Congress to revisit the issue or obviate the difficulty by more careful drafting); United States v. Pacheco, 225 F.3d 148, 155 (2d Cir.2000) (noting in-congruence and suggesting solution of terming category "aggravated offenses”). Because there is no language concerning the term of imprisonment mandating the conclusion that Congress intended to include sexual abuse of a minor misdemeanors in the aggravated felony category, I think my conclusion is consistent with Christopher and the reasoning of these other cases.