[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 11, 2006
THOMAS K. KAHN
CLERK

No. 05-16447
Non-Argument Calendar

_____

Agency No.  A30-788-759

RAFAEL GUERRERO BERMUDEZ,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 11, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Rafael Guerrero-Bermudez, a native and citizen of Colombia, petitions for

review of the order of the Board of Immigration Appeals ("BIA") adopting the

order of the immigration judge ("IJ") denying his application for a waiver of inadmissibility under the former INA § 212(c), 8 U.S.C. § 1182(c).[1] No reversible error has been shown; we deny the petition.

The parties disagree about whether we have jurisdiction over this case. "We review subject matter jurisdiction de novo." Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We do have jurisdiction to hear Guerrero-Bermudez's claims on appeal because they are constitutional or present a question of law. See 8 U.S.C. § 1252(a)(2)(C), (D) (removing our jurisdiction to review a final removal order against an alien convicted of certain criminal offenses unless the petitioner raises a constitutional question or a question of law).

In this case, we review the decisions of the IJ and the BIA. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed § 212(c), which provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . ." (emphasis added). See Savoury v. U.S. Attorney Gen., 449 F.3d 1307, 1312 (11th Cir. 2006) (discussing repeal of § 212(c)). The Supreme Court has explained, however, that provisions of the IIRIRA that repealed discretionary relief from deportation under § 212(c) do not apply retroactively to aliens, such as Guerrero-Bermudez, who entered into a plea agreement before amendment of § 212(c) and who would have been eligible for § 212(c) relief when entering into their plea. INS v. St. Cyr, 121 S.Ct. 2271, 2291-93 (2001).

IJ's decision as well").  In addition, we review the denial of § 212(c) relief for abuse of discretion.  Ramsey v. INS, 55 F.3d 580, 582 (11th Cir. 1995).

Guerrero-Bermudez raises three constitutional claims.[2]  First, he argues that the IJ's conclusion that he was ineligible for a discretionary § 212(c) waiver because he had received such relief previously was erroneous and deprived him of substantive due process.  "The analysis of any claim to a substantive due process right should begin with 'a careful description of the asserted fundamental liberty interest.'"  Tinker v. Beasley, 429 F.3d 1324, 1327 (11th Cir. 2005) (quoting Washington v. Glucksberg, 117 S.Ct. 2258, 2268 (1997)).  We have concluded "that the failure to receive discretionary relief in the immigration context does not deprive an alien of a constitutionally protected liberty interest."  Tefel v. Reno, 180 F.3d 1286, 1300 (11th Cir. 1999).  Because "an alien has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief," and because the IJ denied Guerrero-Bermudez a § 212(c)

---

[2]To the extent that Guerrero-Bermudez also asserts that the BIA erred as a matter of law in adopting the IJ's decision denying him a § 212(c) waiver, we reject this argument because the IJ acted within his discretion.  In reviewing Guerrero-Bermudez's application for a § 212(c) waiver, the IJ considered several factors, including Guerrero-Bermudez's evasive testimony, that he committed additional crimes after previously receiving a § 212(c) waiver, the time he spent in the United States, his family ties to the United States, his work history, and his lack of recent criminal history.  See Cobourne v. INS, 779 F.2d 1564, 1567 (11th Cir. 1986) (concluding that, in reviewing an application for a § 212(c) waiver, the IJ properly balanced "adverse factors including [petitioner's] criminal record and lack of evidence of rehabilitation against the favorable factors including his family ties").

waiver as a matter of discretion, his due process claim fails. Oguejiofor v. U.S. Attorney Gen., 277 F.3d 1305, 1309 (11th Cir. 2002).

Guerrero-Bermudez next argues that the IJ's decision denying him a § 212(c) waiver violated his right to equal protection under the Fourteenth Amendment.[3] Again, the IJ's decision denying Guerrero-Bermudez a § 212(c) waiver was discretionary; and we discern no equal protection violation in this case.

Finally, Guerrero-Bermudez argues that the IJ committed a double jeopardy violation in not dismissing violations of the law listed in his notice to appear because these violations already had been adjudicated. Because we have concluded that "the double jeopardy clause applies only to proceedings that are essentially criminal and deportation is purely civil," we reject Guerrero-Bermudez's double jeopardy claim. Cadet v. Bulger, 377 F.3d 1173, 1196 (11th Cir. 2004) (internal quotation omitted).

PETITION DENIED.

---

[3]The Fourteenth Amendment does not apply to this federal-action case. But "we assume [Guerrero-Bermudez is] seeking relief under the equal protection component of the Fifth Amendment's due process clause, which provides protection coterminous with that of the Fourteenth Amendment's equal protection clause." Rodriguez-Padron v. INS, 13 F.3d 1455, 1458 n.7 (11th Cir. 1994) (citing Johnson v. Robison, 94 S.Ct. 1160, 1164 n.4 (1974)).