[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14198
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00053-CR-J-32HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY TYRONE GOOCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 13, 2009)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Gooch appeals his 180-month sentence for possession of a firearm

by a convicted felon. He received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on the basis that his prior offense of lewd or lascivious conduct under Fla. Stat. § 800.04(6) was a violent felony.

Gooch first argues that his state conviction was not a crime of violence under either the "elements" clause of § 924(e)(2)(B)(i) or the "residual" clause of § 924(e)(2)(B)(ii). First, Gooch argues that his conviction was not a crime of violence under § 924(e)(2)(B)(i) because Ramsey v. INS, 55 F.3d 580 (11th Cir. 1995), held that a violation of § 800.04 could be committed without physical force. In the alternative, Gooch argues that his conviction did not satisfy § 924(e)(2)(B)(ii) simply because it presented a serious potential risk of physical injury to another. Specifically, Gooch argues that this Court's decision in United States v. Rutherford, 175 F.3d 899 (11th Cir. 1999), was superceded by United States v. Begay, __ U.S. __, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), which held that a predicate offense no longer qualifies as a violent felony simply because it involves conduct that presents a serious potential risk of physical injury to another. Gooch contends that his conviction fails to meet § 924(e)(2)(B)(ii) because it is not "roughly similar, in kind, as well as in degree of risk posed" to the types of crimes listed as examples of qualifying felonies in § 924(e)(2)(B)(ii), namely burglary, arson, extortion, and crimes involving the use of explosives. Gooch argues that his

2

conviction is analogous to the DUI conviction at issue in Begay because

§ 800.04(6) imposes strict liability insofar as (1) the touching need not be against

the will of the victim, (2) the perpetrator's ignorance of the victim's age is not a

defense to prosecution, and (3) he did not need to have criminal intent to violate

the statute. Further, his conviction was not roughly similar in degree of risk to the

crimes posed in the Begay examples.

We review de novo whether a conviction is a "violent felony" under the

ACCA. United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005). We may

affirm a criminal conviction based on any grounds supported in the record. United

States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996); see also United States v.

Simmons, 368 F.3d 1335, 1342 (11th Cir. 2004) (stating, in a criminal case, that

we have "the authority to affirm the district court, even if it is on a ground other

than that upon which it based its decision.").

The ACCA provision applies to defendants subject to an enhanced sentence

under 18 U.S.C. § 924(e) for having at least three prior convictions for "violent

felonies," "serious drug offenses," or both. U.S.S.G. § 4B1.4(a). Section

924(e)(2)(B) defines the term "violent felony" as any felony that: "(i) has as an

element the use, attempted use, or threatened use of physical force against the

person of another; or (ii) is burglary, arson, or extortion, involves use of

3

explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ”  18 U.S.C. § 924(e)(2)(B).

In determining whether a particular offense falls within this definition, the Supreme Court has stated that we must “look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.” Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990).  In limited circumstances, the district court may examine the conduct surrounding a conviction, but only if “ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself.”  United States v. Spell, 44 F.3d 936, 939 (11th Cir. 1995).  In such a case, the district court “may rely only on the ‘charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.’”  United States v. Aguilar-Ortiz, 450 F.3d 1271, 1274 (11th Cir. 2006) (quoting Shepard, 544 U.S. at 15, 125 S.Ct. at 1257). We have held that “our cases interpreting ‘crime of violence’ under [U.S.S.G.] § 4B1.2 provide important guidance in determining what is a ‘violent felony’ under the ACCA because the definitions for both terms are virtually identical.”  United States v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007) (quotations and citations omitted).

“The plain meaning of physical force is [p]ower, violence, or pressure

4

directed against a person consisting in a physical act." United States v. Griffith, 455 F.3d 1339, 1342 (11th Cir. 2006) (quotation & citation omitted). "A person cannot make physical contact-particularly of an insulting or provoking nature-with another without exerting some level of physical force." Id. In interpreting a statute similar to § 924(e)(2)(B), we rejected an argument that physical force requires violent force. See id. at 1343 (interpreting the 18 U.S.C. § 922(g)(9) requirement that the prior offense of conviction have as an "element, the use or attempted use of physical force, or the threatened use of a deadly weapon"). We have also disagreed with interpretations of physical force that required more than "'Newtonian mechanics' . . . [or] 'de minimis' touching," stating that Congress could have inserted "'violent' before the words 'physical force'" but did not do so. Id. at 1343-45. We have held that a violation of Fla. Stat. § 784.085 for "Battery of a Child by Throwing, Tossing, Projecting, or Expelling Certain Fluids or Materials" involved physical force and was a crime of violence for purposes of the career offender enhancement. United States v. Young, 527 F.3d 1274, 1278 (11th Cir. 2008) ("The impact of the fluids against the child creates pressure and this minimal contact satisfies the requirement of physical force.").

The 2001 version of Fla. Stat. § 800.04(6) at issue in Gooch's case provided:

(a)    A person who:
    1.    Intentionally touches a person under 16 years of age in a lewd

5

> or lascivious manner; or
>
> 2.    Solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct
>
> (b)    An offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree . . .

Fla. Stat. § 800.04(6) (2001). Because Fla. Stat. § 800.04(6)(a) is written in the disjunctive, it can be violated by either touching or solicitation. Given this ambiguity, the district court was permitted to inquire into the conduct surrounding Gooch's conviction by looking at, inter alia, the charging information. Aguilar-Ortiz, 450 F.3d at 1274. The certified state information admitted by the sentencing court demonstrated that Gooch violated § 800.04(6) by intentionally touching a child under the age of 16 in a lewd or lascivious manner when Gooch was over the age of 18.

While this Court has never directly addressed whether a conviction under § 800.04(6) is a violent felony for purposes of the ACCA, the intentional touching of a child under 16 years old involves "physical force" as the Court has interpreted the term in previous cases. Young, 527 F.3d at 1278. Gooch is correct that Ramsey noted that a violation of § 800.04 might be accomplished without the use of physical force. Ramsey, 55 F.3d at 583. However, the violation at issue in this case involved actual touching and therefore Gooch's offense was accomplished with physical force even more involved than that at issue in Young; thus, the

6

holding in <u>Ramsey</u> is irrelevant. Hence, based on this Court's previous holdings, Gooch's conviction for lewd or lascivious conduct involved physical force and should be considered a violent felony for purposes of § 924(e)(2)(B)(i) of the ACCA. Because § 924(e)(2)(B)(i) is satisfied, this Court need not address the parties' arguments regarding whether the violation of § 800.04(6) also falls within the residual provision of § 924(e)(2)(B)(ii). Thus, the district court did not err in finding that Gooch's conviction under § 800.04(6) was a violent felony for purposes of § 924(e)(2)(B)(i).

Second, Gooch contends that his constitutional rights were violated when the district court gave him a sentence enhancement under the ACCA based on three prior convictions that he did not admit to at his guilty plea hearing. Gooch notes that while the Supreme Court has not overturned its decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), it has noted problems with the decision.

We review properly preserved constitutional claims <u>de novo</u>, but reverse only for harmful error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). In <u>Almendarez-Torres</u>, the Supreme Court held that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. See <u>United States v. Shelton</u>, 400 F.3d 1325, 1329 (11th Cir. 2005). The

7

Supreme Court's subsequent seminal decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d. 435 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), have not disturbed the holding of <u>Almendarez-Torres</u>. <u>See</u> <u>Shelton</u>, 400 F.3d at 1329. Moreover, in <u>Booker</u>, the Supreme Court stated that "[a]ny fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 543 U.S. at 244, 125 S.Ct. at 756 (emphasis added). "Although recent decisions, including <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), may arguably cast doubt on the future prospects of <u>Almendarez-Torres</u>'s holding regarding prior convictions, the Supreme Court has not explicitly overruled <u>Almendarez-Torres</u>. As a result, we must follow <u>Almendarez-Torres</u>." <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005).

The district court did not err in applying the ACCA enhancement by relying on prior convictions to which Gooch did not admit. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Gooch's motion for stay of proceedings and request for oral argument are DENIED.