[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14198

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00053-CR-J-32HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY TYRONE GOOCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2010)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

We stayed the issuance of the mandate in our previous decision, United

States v. Gooch, 341 Fed. App'x 584 (11th Cir. 2009), in light the Supreme Court's

grant of certiorari in Johnson v. United States, 559 U.S.__, 130 S. Ct. 1265

(2010). We now vacate and withdraw our previous opinion in this case, issued on

August 13, 2009, and we address anew the issues Gooch raised in light of the

Supreme Court's decision in Johnson.

In our previous decision, we affirmed the district court's application of the

Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e),[1] 15-year mandatory

---

[1]    Section 924(e) reads, in pertinent part:
(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection--
. . .

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

minimum prison sentence provision to Gooch. We held that Gooch's state conviction for lewd or lascivious touching under Fla. Stat. § 800.04(6)[2] fell under the so-called "elements" clause of § 924(e)(2)(B)(i) and was thus a crime of violence. We did not reach the issue of whether or not this crime fell under the "residual" clause, § 924(e)(2)(B)(ii).

In <u>Johnson</u>, the Supreme Court held that a violation of Florida's simple battery statute was not a violent felony under the elements clause. 559 U.S. at __, 130 S. Ct. at 1269. Specifically, the Court noted that the statute could be violated in three ways, including by merely actually and intentionally touching the victim. <u>Id.</u> The Court reasoned that such a violation did not have as an element the use of physical force because physical force, as used in the ACCA, meant violent force. <u>Id.</u> at __, 130 S. Ct. at 1271. The Court did not determine if the crime fit the

---

[2]     Fla. Stat. § 800.04(6) provides:
(6) Lewd or lascivious conduct.--
        (a) A person who:
                1. Intentionally touches a person under 16 years of
                age in a lewd or lascivious manner; or
                2. Solicits a person under 16 years of age to commit a lewd
                or lascivious act
        commits lewd or lascivious conduct.
        (b) An offender 18 years of age or older who commits lewd or lascivious
        conduct commits a felony of the second degree, punishable as provided in
        s. 775.082, s. 775.083, or s. 775.084.
        (c) An offender less than 18 years of age who commits lewd or lascivious
        conduct commits a felony of the third degree, punishable as provided in s.
        775.082, s. 775.083, or s. 775.084.

definition in the residual clause because the Government had disclaimed reliance on it at sentencing and because this Court had already implicitly decided the residual clause did not apply.  Id. at __, 130 S. Ct. at 1274.

Since Johnson, this Court has determined that a violation of Florida's sexual battery statute, the 1996 version of Fla. Stat. § 800.04(3),[3] is not a crime of violence under the ACCA.  United States v. Harris, 608 F.3d 1222 (11th Cir. 2010).  There, the Government had conceded that under Johnson, Harris's sexual battery conviction was not a violent felony under the elements clause.  The Court in Harris then analyzed the 1996 version of § 800.04(3) and determined that it satisfied the first part of the test for the residual clause – it is a crime that presents a serious potential risk of physical injury.  Id. at 1230.  However, under the second prong – is the crime "'roughly similar, in kind as well as in degree of risk posed' to burglary, arson, extortion, and crimes involving the use of explosives" – the Court determined that the conviction did not meet the definition.  Id. (quoting Begay v.

---

[3]     The pertinent portion of the 1996 version of Fla. Stat. § 800.04(3) read:

A person who:
. . .
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years . . . is guilty of a felony of the second degree . . .

Under Fla. Stat. § 794.011(1)(h), "Sexual battery means oral, anal, or vaginal penetration by, or union with, the sexual organ of another."

4

United States, 553 U.S. 137, 143, 128 S. Ct. 1581, 1585 (2008)).  The Supreme

Court in Begay had explained that the enumerated crimes were "'associated with a

likelihood of future violent, aggressive, and purposeful armed career criminal

behavior in a way that' strict liability crimes are not."  Id. at 1231 (quoting Begay

v. United States, 553 U.S. at 148, 128 S. Ct. at 1588).  This Court in Harris noted

that the Florida statute covered "a wide array of conduct," including both

intentional and strict liability crimes.  Id. at 1232.   We observed that the Supreme

Court had instructed courts to take the categorical approach: "examine [the offense]

in terms of how the law defines the offense and not in terms of how the individual

offender might have committed it on a particular occasion."  Id.  Therefore, we

held, "[b]ecause the Florida statute, viewed categorically, imposes strict liability

and covers such a broad range of conduct, we cannot say that a violation of it

typically involves 'purposeful, violent, and aggressive conduct.'"  Id. at 1233

(quoting Begay, 553 U.S. at 144-45, 128 S. Ct. at 1586).

Here, we are analyzing another subsection of the same Florida statute as the

Court in Harris.  As in Harris, the Government has conceded that the Defendant's

conviction does not fall under the elements clause of § 924(e)(2)(B)(i).  Also as in

Harris, the issue in this case is whether a violation of Fla. Stat. § 800.04(6) falls

within the residual clause in § 924(e)(2)(B)(ii) – i.e. whether it is a crime that is

roughly similar, in kind as well as degree of risk posed, to burglary, arson, extortion, and crimes involving the use of explosives. Also like Harris, the § 800.04(6) crime in this case is a strict liability crime. See Fla. Stat. 800.04(2) ("Neither the victim's lack of chastity nor the victim's consent is a defense to the crimes proscribed by this section."); and Fla. Stat. § 800.04(3) ("The perpetrator's ignorance of the victim's age, the victim's misrepresentation of his or her age, or the perpetrator's bona fide belief of the victim's age cannot be raised as a defense in a prosecution under this section."). Accordingly, Harris mandates a conclusion in this case that § 800.04(6) does not fall within the residual clause, and thus is not a qualifying "violent felony" prior conviction for purposes of § 924(e)(2)(B)(ii).[4]

Because of the Government's concession and our holding, we vacate Gooch's sentence and remand to the district court for resentencing.

**VACATED and REMANDED**.

---

[4] Indeed, this case is a fortiori from Harris. The crime in Harris involved statutory rape, whereas the crime in this case involved only intentionally touching a person under 16 years of age in a lewd or lascivious manner.

6