[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14780
Non-Argument Calendar

_____

D. C. Docket No. 07-20038-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 19, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jonathan Young appeals his 184-month total sentence for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Young argues that his prior criminal history does not qualify him for the career offender enhancement, U.S.S.G. § 4B1.1, because his Florida state court conviction for "Battery of a Child Involving Bodily Fluids" is not a crime of violence. Looking at the statutory definition of the offense, and not the facts underlying the conviction, Young claims that the offense is not categorically a crime of violence. Young contends that commission of the offense does not necessarily involve a serious potential risk of physical injury. He also argues that based on a recent Florida Supreme Court decision, the use or threat of physical force or violence is not a necessary element of battery.

**I.**

We review the district court's interpretation and application of the sentencing guidelines *de novo*. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir.), *cert. denied*, 547 U.S. 1214, 126 S. Ct. 2911 (2006). The decision to classify a defendant as a career offender is a "question of law that we also review *de novo*." *Id.* "The burden of proof for establishing that a sentence enhancement is warranted lies with the prosecution and it is the duty of the district court to insure that the

prosecution carries its burden of proof." *United States v. Hernandez*, 145 F.3d 1433, 1440 (11th Cir. 1998).

A defendant is a career offender if: (1) he is at least 18 years old at the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence or controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a). The term "crime of violence" is defined in § 4B1.2. *Id.* at comment. (n.1). Under that section, a "crime of violence" is a crime punishable by a year or more of imprisonment, that has as an element "the use, attempted use, or threatened use of physical force against the person of another" or is a "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Crimes of violence include aggravated assault and forcible sex offenses. *Id.* at comment. (n.1). The court should focus on the offense of conviction to determine if the crime is a crime of violence. *Id.* at comment. (n.2). We consider the guidelines commentary as authoritative. *United States v. Searcy*, 418 F.3d 1193, 1195 n.3 (11th Cir. 2005).

## II.

When determining if a crime is a crime of violence, a court should "look

only to the elements of the convicted offense, and not to the conduct underlying the conviction." *United States v. Rutherford*, 175 F.3d 899, 905 (11th Cir. 1999). In limited circumstances, the district court may examine the conduct surrounding a conviction, but only if the "judgment of conviction is ambiguous on its face[,]" and it is impossible to determine whether or not it is a crime of violence from the judgment itself. *United States v. Owens*, 447 F.3d 1345, 1347 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2934 (2007) (construing § 2K2.1(a)(4) enhancement). Typically, however, a court looks "no further than the fact of conviction and the statutory definition of the prior offense." *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1196-97 (11th Cir. 2007) (construing § 2L1.2(b)(1) enhancement).

### III.

Young pled guilty to violating Florida Statute § 784.085, "Battery of a Child by Throwing, Tossing, Projecting, or Expelling Certain Fluids or Materials," which is a felony punishable by up to five years in prison. Fla. Stat. § 784.085[1]; Fla. Stat. § 775.082(3)(d). According to the statute, it is "unlawful for any person... to knowingly cause or attempt to cause a child to come into contact with blood, seminal fluid, or urine or feces by throwing, tossing, projecting, or expelling such fluid or material." Fla. Stat. § 784.085.

---

[1]Regarding the battery conviction, at the age of 19, Young engaged in sexual intercourse with a 13-year-old girl.

According to Florida law, a battery occurs when a person "['a]ctually and intentionally touches or strikes another person ... [or] [i]ntentionally causes bodily harm to another person.'" *United States v. Glover*, 431 F.3d 744, 749 (11th Cir. 2005) (quoting Fla. Stat. §§ 784.03, 784.07 (defining battery and battery of a law enforcement officer)). We have held that battery of a law enforcement officer is a crime of violence. *Id.* at 749. Recently, however, the Florida Supreme Court held that battery of a law enforcement officer is not a forcible felony, and does not necessarily involve the use or threat of physical force or violence. *See State v. Hearns*, 961 So. 2d 211, 218-20 (Fla. 2007) (discussing Fla. Stat. § 784.07).

**IV.**

We interpret the sentencing guidelines according to their plain meaning. *See United States v. Shenberg*, 89 F.3d 1461, 1475 (11th Cir. 1996). "The plain meaning of physical force is [p]ower, violence, or pressure directed against a person consisting in a physical act." *United States v. Griffith*, 455 F.3d 1339, 1342 (11th Cir.2006), *cert. denied*, 127 S. Ct. 2028 (2007) (quotation & citation omitted); *see also United States v. Ivory*, 475 F.3d 1232, 1234-35 (11th Cir. 2007). "A person cannot make physical contact - particularly of an insulting or provoking nature - with another without exerting some level of physical force." *Griffith*, 455 F.3d at 1342. In interpreting a similar statute, we have rejected an argument that

physical force requires violent force. *See id.* at 1343 (interpreting 18 U.S.C. § 922(g)(9) requirement that the prior offense of conviction have as an "element, the use or attempted use of physical force, or the threatened use of a deadly weapon"). We disagreed with interpretations of physical force that required more than "'Newtonian mechanics' . . . [or] '*de* minimis' touching," stating Congress could have inserted "'violent' before the words 'physical force'" but did not do so. *Id.* at 1343-45 (disagreeing with *United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003), *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003)).

## V.

After reviewing the record and reading the parties' briefs, we conclude that the district court did not err in determining that a conviction for violating Florida Statute § 784.085, "Battery of a Child by Throwing, Tossing, Projecting, or Expelling Certain Fluids or Materials," is a crime of violence for purposes of the career offender enhancement. The use of physical force against another is an element of the statute. The statute at issue, while nominally entitled a battery, requires the violator to cause the child to come into contact with bodily fluids, by "throwing, tossing, projecting, or expelling" the fluids. Fla. Stat. § 784.085. These actions require a physical act and are directed against a person. Thus, the only remaining requirement for physical force is that it involve "power, violence, or

6

pressure." *Griffith*, 455 F.3d at 1342. The impact of the fluids against the child creates pressure and this minimal contact satisfies the requirement of physical force. Therefore, we conclude that the offense is a crime of violence.

For the above-stated reasons, we affirm Young's sentence.

**AFFIRMED.**