[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15811
Non-Argument Calendar

_____

D. C. Docket No. 07-00065-CR-ORL-22KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RAY HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 29, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Donald Ray Harris appeals his conviction for possession of a firearm by a

convicted felon under 18 U.S.C. § 922(g)(1) and his 240-month sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm Harris' conviction and sentence.

## I.

Harris was arrested after a neighbor observed him firing a semiautomatic rifle at a house in Mims, Florida. At trial, the government presented evidence that the rifle was made in Romania, imported by Century Arms International of Vermont, and found in Harris' possession in Florida. The ammunition Harris used was manufactured in Winchester, Illinois. Harris stipulated that he was a convicted felon, and the jury convicted him of possessing a firearm in violation of 18 U.S.C. § 922(g)(1).

The Pre-sentence Investigation Report (PSI) recommended that the court sentence Harris as an armed career criminal under 18 U.S.C. § 924(e). To qualify as an armed career criminal, a defendant must have three prior convictions for violent felonies or serious drug offenses, each of which occurred on a separate occasion. According to this rubric, the district court found that Harris had two convictions for selling cocaine and one under Fla. Stat. § 800.04(3) for sexual battery on a child under the age of sixteen. The government proved these crimes by submitting certified copies of Harris' convictions, which were based on guilty

pleas, to the district court. The district court then concluded that the sexual battery charge was a "violent felony" within the meaning of § 924(e) and sentenced Harris as an armed career criminal.

The ACCA provision that the district court relied on established a statutory minimum sentence of fifteen years. Under the sentencing guidelines, Harris' range was 262–327 months. The district court departed from the guidelines under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and sentenced Harris to 240 months' imprisonment.

Harris brings four challenges to his conviction and sentence. He contends that: (1) his conviction under Fla. Stat. § 800.04(3) is not a violent felony and thus not a predicate offense under the ACCA; (2) that the district court violated his Sixth Amendment rights by sentencing him under the ACCA based on prior convictions that were not proven to a jury beyond a reasonable doubt; (3) that his conviction violates the Due Process and Commerce clauses because there was insufficient evidence to establish a nexus between the firearm and interstate commerce; and (4) that 18 U.S.C. § 922(g) is unconstitutional on its face because it is not limited to interstate commerce and because it exceeds the scope of Congress' power under the Commerce clause.

**II.**

Harris contends that his conviction for sexual battery of a child under Fla. Stat. § 800.04(3) is not a violent felony within the meaning of § 924(e). Therefore, Harris argues, ACCA should not apply to his case, and he should be sentenced under § 924(a)(2), which carries a ten-year statutory maximum. We review de novo the district court's conclusion that a particular offense is a violent felony under 18 U.S.C. § 924(e). United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).

In determining whether Fla. Stat. § 800.04(3) describes a violent felony, we must use a "formal categorical approach" in which we examine only the statutory definition of the offense and not the particular facts on which Harris' conviction was based. See Taylor v. United States, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990) ("The Courts of Appeals uniformly have held that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions. . . . We find the reasoning of these cases persuasive."). Thus, the proper question is whether the act prohibited by Fla. Stat. § 800.04(3) is a violent felony.

We must first determine whether Harris was convicted under the version of § 800.04(3) that was effective before October 1990 or the version effective

4

between 1990 and 1996, when Harris was charged and convicted. The 1996 version of § 800.04(3) stated:

> 800.04. Lewd, lascivious, or indecent assault or act upon or in presence of child
>
> Any person who:
> . . .
> (3) Commits any act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years . . . is guilty of a felony of the second degree. . .

Fla. Stat. § 800.04(3) (1990–1996).

But Harris argues that there is no evidence in the record as to <u>when</u> his crime occurred. Harris then argues that, if the crime happened before October 1, 1990, his 1996 conviction could be based on the pre-October 1990 version of Fla. Stat. § 800.04(3). That version stated:

> 800.04. Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery
>
> Any person who:
> . . .
> (2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
> (3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years . . . is guilty of a felony of the second degree.

Fla. Stat. § 800.04 (1989). The government submitted only Harris' judgment of conviction to the district court. That judgment, dated August 19, 1996, lists the

crime as "sexual act with a child under 16 years of age" and cites § 800.04(3). Without more evidence that the 1996 statute applied, Harris argues that the 1990 version, which he further contends did not qualify as a violent felony, may have been what the 1996 Florida court used.

It is clear from the record that Harris was convicted under the 1996 version of § 800.04(3). In his arguments to the district court Harris repeatedly referred to his crime as "statutory rape." That description, while fitting § 800.04(3) (1990–1996), is inconsistent with § 800.04(3) (pre-1990), which refers simply to lewd or lascivious acts in the presence of a child. Harris' description of his crime as "statutory rape" describes pre-1990 § 800.04(2), not § 800.04(3). Yet the 1996 judgment form clearly notes the offense as falling under § 800.04(3), and also describes it as "sexual act with a child under 16 years of age." That description also comports far better with the 1990–1996 version of § 800.04(3) than the pre-1990 one. Finally, we observe that Harris has never outright claimed that the actual offense occurred before October 1990— he claims only that it might have. Thus Harris has given us no good reason to doubt what appears to be obvious: that the 1996 court's undated statutory citation and corroborating description refer to the version of the statute effective at that time.

Violating the 1996 version of Fla. Stat. § 800.04(3) is a violent felony under

ACCA, 18 U.S.C. § 924(e)(2)(B). Section 924(e)(2)(B) defines "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is a burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ." We have held that "[t]he plain meaning of 'physical force' is power, violence, or pressure directed against a person consisting in a physical act." United States v. Griffith, 455 F.3d 1339, 1342 (11th Cir. 2006) (quotation omitted). Physical force is a minimal requirement satisfied by physical contact, which cannot be achieved without some degree of Newtonian force. Id. at 1342. Congress did not insert the term "violent" into its description of physical force, and neither will we. Id. at 1343–45.

United States v. Young, 527 F.3d 1274 (11th Cir. 2008), is instructive. In Young, we held that a violation of Fla. Stat. § 784.085, "Battery of child by throwing, tossing, projecting, or expelling certain fluids or materials," qualified as a crime of violence under U.S.S.G. § 4B1.2. 527 F.3d at 1277–78. U.S.S.G. § 4B1.2 is nearly identical to § 924(e)(2)(B), and our cases interpreting that guideline "provide important guidance in determining what is a 'violent felony' under the ACCA." United States v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007). Fla. Stat. § 784.085(1) makes it "unlawful for any [adult] to knowingly cause or

7

attempt to cause a child to come into contact with blood, seminal fluid, or urine or feces by throwing, tossing, projecting, or expelling such fluid or material." In Young, we reasoned that:

> [The actions outlawed by § 784.085(1)] require a physical act and are directed against a person. Thus, the only remaining requirement for physical force is that it involve "power, violence, or pressure." . . . The impact of the fluids against the child creates pressure and this minimal contact satisfies the requirement of physical force. Therefore, we conclude that the offense is a crime of violence.

527 F.3d at 1278. In other words, the act of intentionally ejaculating on a child, even without any other physical touch, qualifies as a crime of violence under statutory language identical to § 924(e)(2)(B)(i)'s "violent felony."

By comparison, § 800.04(3) (1996) required that Harris "Commit[] any act defined as sexual battery under § 794.011(1)(h) upon any child under the age of 16 years. . . ." Under § 794.011(1)(h), "Sexual battery means oral, anal, or vaginal penetration by, or union with, the sexual organ of another." Certainly, there is at least as much physical contact involved in "oral, anal, or vaginal penetration by, or union with [sexual organs]" as in "throwing, tossing, projecting, or expelling" fluids. See § 794.011(1)(h); § 785.084(1). Accordingly, under this Court's minimal physical contact requirement, a violation of Fla. Stat. § 800.04(3) (1996) is a violent felony. See also United States v. Ivory, 475 F.3d 1232, 1236 (11th Cir. 2007) (finding that statutory rape, as defined by Alabama law, is a crime of

8

violence under § 4B1.2).  Harris thus qualified for sentencing as an armed career criminal under ACCA.[1]

### III.

Harris contends that his 240-month sentence violates the Sixth Amendment under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), because it was based in part on his three prior felony convictions, none of which were proven to the jury beyond a reasonable doubt.  Whether the district court erred under Apprendi is a question of law subject to de novo review.  United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001).

In Almendarez-Torres v. United States, 523 U.S. 224, 239–40, 118 S. Ct. 1219, 1228–29 (1998), the Supreme Court held that the government need not prove a defendant's prior convictions beyond a reasonable doubt in order for the district court to use those convictions to enhance a sentence.  See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315–16 (11th Cir. 2005).  In Booker, 543 U.S. at 244, 125 S. Ct. at 756, the Supreme Court confirmed that Almendarez-Torres applies to Sixth Amendment cases.  Id. ("Any fact (other than a prior

---

[1] Harris' arguments based on Begay v. United States, __ U.S. __, 128 S. Ct. 1581 (2008) are not relevant because Begay explicitly addressed only § 924(e)(2)(B)(ii) (any felony that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"), not § 924(e)(2)(B)(i) (any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another.").  Thus, the Supreme Court's holding that DUI was not a violent felony under clause (ii) has no bearing on whether statutory rape is a violent felony under clause (i).

9

conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

Although Almendarez-Torres has been criticized, it has not been overruled and we must follow it. See Camacho-Ibarquen, 410 F.3d at 1316 n.3; United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) ("[The Supreme Court's] conclusion was left undisturbed by Apprendi, Blakely, and Booker."). Under Almendarez-Torres, the district court did not violate Harris' Sixth Amendment rights by enhancing his sentence using his three prior violent felony convictions, although they were not proved beyond a reasonable doubt to a jury.

**IV.**

Harris also contends that the government failed to establish a nexus between his rifle and interstate commerce. Harris argues that though the government demonstrated that the rifle traveled from Romania to Vermont to Florida, it provided no evidence that the gun had ever been bought or sold. According to Harris, his rifle therefore had no proven connection to interstate commerce. Therefore, Harris argues, the district court erred in denying his motion for a judgment of acquittal. We review sufficiency of the evidence challenges de novo,

10

viewing the evidence in the light most favorable to the government.  United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000).

The offense Harris was convicted of requires the government to demonstrate, beyond a reasonable doubt, that "any firearm or ammunition" was "possess[ed] in or affecting commerce."  18 U.S.C. § 922(g)(1); In re Winship, 397 U.S. 358, 362, 90 S. Ct. 1068, 1071 (1970) (the government must prove each element beyond a reasonable doubt).  More specifically, the government must prove that "the firearm possessed traveled in interstate commerce."  United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001).

United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001) controls.  In Dupree, we held that "§ 922(g) requires only a minimal nexus to interstate commerce . . . and by brandishing a firearm that was manufactured in California and found in his car [in Georgia], Dupree's actions satisfy this test."  Here, the government presented uncontradicted testimony that the rifle was made in Romania, imported into Vermont, and found in Harris' truck in Florida.  Similarly, Harris' ammunition was manufactured in Illinois.  Under Dupree, the government has proved a minimal but sufficient nexus to interstate commerce.  See 258 F.3d at 1260.

## V.

Finally, Harris contends that 18 U.S.C. § 922(g) is unconstitutional on its face because although it states that felons may not "possess in or affecting commerce, any firearm or ammunition," it fails to specify interstate commerce in that clause. Harris also argues that § 922(g) is unconstitutional because Congress, in failing to require a substantial nexus to interstate commerce, acted outside of the scope of its Commerce clause powers. Harris failed to raise these constitutional objections before the district court, so we review them only for plain error. United States v. Williams, 121 F.3d 615, 618 (11th Cir. 1997).

Harris' arguments drown in a flood of precedent. As Harris admits, we have specifically rejected both of his constitutional challenges to § 922(g), in United States v. Nichols, 124 F.3d 1265 (11th Cir. 1997) (upholding § 922(g) against a facial challenge based on the absence of the word "interstate"), and United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (rejecting the argument that § 922(g) must require a substantial effect on interstate commerce). See also United States v. DeLeon, 173 F.3d 494, 499 (5th Cir. 1999) ("[T]he constitutionality of § 922(g)(1) is not open to question."); United States v. Chesney, 86 F.3d 564, 570 (6th Cir. 1996) ("In accordance with the prior decisions of the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits, we conclude

12

that § 922(g)(1) is constitutional on its face under the Commerce Clause analysis used by the Supreme Court in <u>Lopez</u>.").

None of Harris' arguments have merit. His conviction and sentence are affirmed.

**AFFIRMED.**