[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15327
Non-Argument Calendar

_____

D. C. Docket No. 08-14003-CR-JEM


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WAYNE CARVER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Wayne Carver appeals his convictions and 360-month total

sentence for using the internet to entice a minor to engage in sexual activity and committing a felony offense involving a minor while being required to register as a sex offender, 18 U.S.C. §§ 2422(b), 2260A. Reversible error has been shown; we affirm in part and vacate and remand in part for additional proceedings.

We first address Carver's challenges to the enticement offense. He argues that his guilty plea to this offense is invalid because the government described the elements of a completed offense; but because his offense involved a fictitious minor, it was an attempt offense. Because neither the government nor the district court explained the elements of an attempt offense, Carver contends that he did not understand the nature of the charge. We review challenges to plea proceedings raised for the first time on appeal for plain error. United States v. Vonn, 122 S.Ct. 1043, 1046 (2002).[1]

A district court must, in part, advise the defendant of the nature of the offense to which he is pleading, ensure the defendant's understanding of that offense, and ensure that there is a factual basis for the plea. Fed.R.Crim.P. 11(b)(1)(G); United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). In determining whether the district court committed Rule 11 error, we look to the

---

[1]Under plain-error analysis, Carver must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

entire record and consider, in part, the complexity of the charge and the sophistication of the defendant. See Vonn, 122 S.Ct. at 1054-55; United States v. Telemaque, 244 F.3d 1247, 1249-50 (11th Cir. 2001). Rule 11 does not specify that the district court must list the elements of the offense. United States v. Wiggins, 131 F.3d 1440, 1442-43 (11th Cir. 1997).

Carver's offense of conviction -- using the internet to entice an underage person to engage in sexual activity -- criminalizes both completed offenses and attempts (such as here, where the minor is fictitious) to commit the offense. See 18 U.S.C. § 2422(b); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002). To sustain a conviction for the crime of attempt, the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1369 (11th Cir. 1994).

Although neither the superseding indictment nor the government's summary of the elements of the offense stated expressly the elements of an attempt offense, we conclude that the record considered as a whole contained enough information from which the district court could find that Carver was apprised of and understood the nature of a section 2422(b) attempt charge. Here, Carver's specific intent to

3

commit the offense is evidenced by (1) the district court's confirmation that Carver had read and discussed fully the indictment (which included that the offense encompassed attempts and that Carver "knowingly" induced a minor) with his lawyer; (2) Carver's later acknowledgment of the "knowingly" element at the plea colloquy; and (3) the factual proffer, which detailed that Carver -- via internet chat room and later phone conversations -- expressed his desire to have sex with an undercover police officer's fictitious 11-year-old daughter. And the substantial step element also was evidenced in the factual proffer: Carver agreed to pay $70 for sex with a minor and met the undercover officer at an agreed-upon location with the money, a teddy bear, and condoms. See United States v. Murrell, 368 F.3d 1283, 1288 (11th Cir. 2004) (in a factually similar scenario, concluding that the government had proved an attempt offense).[2] On this record, we conclude that the district court fulfilled its Rule 11 obligations.

Carver also argues that, because the offense involved a fictitious minor, the district court erred in applying an 8-level sentencing enhancement for the offense involving a minor who had not yet attained the age of 12, U.S.S.G. § 2G1.3(b)(5). We review the district court's fact determinations for clear error and its application

---

[2]Carver argues that the factual proffer showed that he lacked the required specific intent because he told police, after he was arrested, that he never intended to have sex with the minor. But a section 2242(b) violation hinges on whether defendant knowingly enticed the minor to engage in sexual activity, not whether sexual activity actually resulted. See id. at 1286.

of the Guidelines to those facts <u>de novo</u>.  <u>United States v. Lamons</u>, 532 F.3d 1251, 1268 (11th Cir.), <u>cert. denied</u>, 129 S.Ct. 524 (2008).

Pursuant to section 2G1.3(b)(5), if an offense involves a minor who has not attained the age of 12, an 8-level enhancement is warranted.  A minor is defined as, among other things, a person, "whether fictitious or not, who a law enforcement officer represented to [defendant] (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct." U.S.S.G. § 2G1.3, comment. (n.1); <u>see also</u> <u>Murrell</u>, 368 F.3d at 1289 (explaining that a section 2G1.3(b)(2)(B) enhancement "applies whether the minor 'victim' is real, fictitious, or an undercover officer").[3]

We see no merit to Carver's argument.  In this case, via internet chat room, an undercover law enforcement officer represented to Carver that he had an 11-year-old daughter who the officer would make available to Carver so Carver could have sex with her; and Carver expressed his intent to do so.  This situation fits the definition of "minor" in the guidelines' commentary.  That the "minor" was fictitious has no bearing on the application of the enhancement.

We turn to Carver's challenge to the section 2260A offense.[4]  A bench trial

---

[3]We treat guidelines commentary as authoritative.  <u>See</u> <u>United States v. Young</u>, 527 F.3d 1274, 1277 (11th Cir.), <u>cert. denied</u>, 129 S.Ct. 616 (2008).

[4]Section 2260A imposes an enhanced penalty on defendants who commit certain enumerated offenses, including a violation of section 2242, and who were required by either

5

was conducted on this count, but Carver contends that he did not waive his right to a jury trial. We review the adequacy of a jury trial waiver -- a mixed question of law and fact -- de novo. United States v. Diaz, 540 F.3d 1316, 1321 (11th Cir. 2008).

The right to a jury trial is a personal right that the defendant himself must waive. United States v. Joshi, 896 F.2d 1303, 1307 (11th Cir. 1990). Under Fed.R.Crim.P. 23(a), "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."

Here, the record contains no signed waiver of a jury trial and no discussion about waiver of the right to a jury trial. So, we conclude -- and the government concedes -- that Carver's section 2260A conviction must be vacated and remanded to the district court for a new trial.[5]

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

federal or state law to register as sex offenders.

[5]Because we determine that a new trial is warranted, we decline to address Carver's arguments about the sufficiency of the evidence on the section 2260A conviction and the constitutionality of the statute. See Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (recognizing that "[c]ourts will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of").