[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10234
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00145-CR-ORL-28-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVYN ERNEST REDHEAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 25, 2010)

Before EDMONDSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Melvyn Ernest Redhead appeals his convictions and sentences for possession with intent to distribute less than five grams of crack cocaine, 21 U.S.C. § 841(a)(1), and for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

Based in part on a 2006 conviction for fleeing and alluding a police officer under Fla. Stat. § 316.1935(2), the district court applied the career offender enhancement, U.S.S.G. § 4B1.1(a), and sentenced Redhead to 230 months' imprisonment. On appeal, Redhead argues that: (1) a conviction under Fla. Stat. § 316.1935(2) is not a "crime of violence" as contemplated by the career offender enhancement; (2) his trial counsel was ineffective; and (3) the district court clearly erred when it overruled his objection to paragraph 13 of the pre-sentence investigation report ("PSI"). After thorough review, we vacate and remand in part, and dismiss in part.[1]

The decision to classify a defendant as a career offender is a question of law that we review de novo. United States v. Young, 527 F.3d 1274, 1276-77 (11th Cir.), cert. denied, 129 S.Ct. 616 (2008). "Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to de novo review." Nixon v. Newsome, 888 F.2d 112, 115 (11th Cir. 1989). "[W]e review the factual findings underlying the district court's sentencing determination for clear error." United States v. Williams, 527 F.3d 1235, 1247 (11th Cir.2008).

---

[1] In addition, Appellant's motion to substitute retained attorney Matthew M. Robinson in place of court-appointed attorney Darlene Calzon Barror as Appellant's counsel of record is GRANTED. Appellant has also moved to withdraw his previously-filed motion to stay the appeal and motion for leave to file a supplement brief. Appellant's request to withdraw these motions is GRANTED, and the motions to stay the appeal and for leave to file a supplemental brief shall be treated as withdrawn.

First, we agree with Redhead, and the government, that a conviction under Fla. Stat. § 316.1935(2) is not a "crime of violence" for purposes of the career offender enhancement. A defendant qualifies as a career offender if: (1) he was at least 18 years old at the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a) (2007). A "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). To come within the so-called "residual provision" of U.S.S.G. § 4B1.2(a)(2), the predicate crime must not only pose a serious potential risk of physical injury to another, but it must also involve "purposeful, violent, and aggressive" conduct. United States v. Harris, 586 F.3d 1283, 1288 (11th Cir. 2009). We have recently held that a conviction under Fla. Stat. § 316.1935(2) does not involve the "purposeful, violent, and aggressive" conduct necessary to

3

constitute a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). United States v. Harrison, 558 F.3d 1280, 1296 (11th Cir. 2009).

Here, Redhead was sentenced as a career offender in part due to his 2006 conviction under Fla. Stat. § 316.1935(2). As the government concedes, under our precedent in Harrison, Fla. Stat. § 316.1935(2) is not a "crime of violence" and thus cannot be used as a predicate conviction for the career offender enhancement. Even though Harrison was decided in the context of the ACCA, "[t]his [C]ourt has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). Accordingly, we vacate Redhead's sentence and remand to the district court for re-sentencing without the application of the career offender enhancement.

Next, we dismiss without prejudice Redhead's ineffective assistance of counsel claim. We generally do not consider claims of ineffective assistance of counsel on direct appeal, especially where "the claim has not been heard by the district court nor a factual record developed." United States v. Khoury, 901 F.2d 948, 969 (11th Cir.), modified on other grounds, 910 F.2d 713 (1990). In such a case, the preferred method of raising ineffective assistance of counsel is in a

4

motion pursuant to 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 505-06 (2003).

We recognize that Redhead raised the issue of ineffective assistance of counsel to the district court, but the district court declined to address the issue. As a result, his trial counsel did not make a record regarding his alleged deficiencies. For example, Redhead asserts ineffective assistance for counsel's failure to present a defense or subpoena witnesses; however, the record does not reflect what the witnesses would have testified to for us to gauge any prejudicial effect. Without a factual record revealing the reasons for counsel's choices, we cannot effectively decide this claim. We therefore dismiss this claim without prejudice to Redhead's remedy under 28 U.S.C. § 2255. See Khoury, 901 F.2d at 969.

Finally, we agree with Redhead that the district court clearly erred in overruling his objection to paragraph 13 of the PSI, which stated that police officers found mail addressed to him during their search. When a defendant challenges a fact in the PSI, the government must establish the disputed fact by a preponderance of the evidence. United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). When a defendant withdraws an objection to the PSI, we generally do not consider that objection on appeal. See United States v. Horsfall, 552 F.3d 1275, 1283-84 (11th Cir. 2008), cert. denied, 129 S.Ct. 2034 (2009).

Contrary to the government's contention, Redhead did not "affirmatively withdr[a]w" his objection to paragraph 13, as contemplated by Horsfall. Instead, the district court overruled the objection to paragraph 13. However, Redhead agreed with the district court that his objection "technically" went to paragraph 8, so his objection to paragraph 13 would be precluded by invited error. See United States v. Baker, 432 F.3d 1189, 1216 (11th Cir.2005) ("[t]he doctrine of invited error is implicated when a party induces or invites the district court into making an error") (quotations omitted). Nonetheless, both the government and the district court concluded that any mail that was found at the residence was addressed to Marvin, Redhead's brother, so paragraph 13 is clearly wrong. Since the information contained in that paragraph did not effect sentencing, and because we are already remanding for re-sentencing, we see no harm in having the district court correct this error in the PSI on remand.

**VACATED AND REMANDED IN PART, DISMISSED IN PART.**