[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14139
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00054-RH-CAS-9

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRIS RANSOM,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 10, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Chris Ransom appeals his sentence of 188 months' imprisonment for conspiracy to possess with intent to distribute more than 50 kilograms but less than 100 kilograms of marijuana and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 851. Ransom challenges his classification as a career offender, arguing that one of his predicate offenses, a 2001 conviction for the sale of cocaine in 2000 (the "2000 cocaine sale"), does not qualify because it was part of the same conspiracy charged in the instant case and is therefore relevant conduct to the instant offense. The government responds that the 2000 cocaine sale is not relevant conduct because the indictment charged a conspiracy lasting from 2007 to 2010. Upon review of the record and consideration of the parties' briefs, we affirm.

"We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*." *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010). The district court's decision to classify a defendant as a career offender is a question of law that is reviewed de novo. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). The government bears the burden of proof for establishing that a sentencing enhancement, such as a career offender classification, is proper. *United States v. Young*, 527 F.3d 1274, 1277 (11th Cir. 2008) (per curiam). We are bound by the commentary to the Sentencing Guidelines that interprets or explains a guideline unless it violates the Constitution or a federal statute, is inconsistent with the guideline's statutory text,

2

or is a plainly erroneous reading of the Guidelines. *United States v. Wright*, 607 F.3d 708, 712 (11th Cir. 2010).

A defendant is classified as a career offender if: (1) he or she is at least 18 years old at the time of the instant offense; (2) the instant offense "is a felony that is either a crime of violence or a controlled substance offense"; and (3) he or she has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The phrase "two prior felony convictions" requires that the sentences "are counted separately under the provisions of § 4A1.1(a), (b), or (c)." *Id.* § 4B1.2(c). Section 4A1.2 controls whether prior sentences are counted separately under 4A1.1. *Id.* § 4A1.1, cmt. n.5. "Prior sentence" is defined as "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." *Id.* § 4A1.2, cmt. n.1. "Conduct that is part of the instant offense" means relevant conduct as defined in U.S.S.G. § 1B1.3. *Id.* Therefore, a prior felony conviction cannot be used for determining career offender status if it is relevant conduct under § 1B1.3.

Section 1B1.3(a) of the Sentencing Guidelines defines relevant conduct as:

(1)    (A)    all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B)    in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

*that occurred during the commission of the offense of conviction*, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above *that were part of the same course of conduct or common scheme or plan as the offense of conviction . . . .*

U.S.S.G. § 1B1.3(a)(1)–(2) (emphasis added).  Application Note 8 to § 1B1.3

provides,

[f]or the purposes of subsection (a)(2), offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction.

*Id.* § 1B1.3, cmt. n.8.

Here, as a preliminary matter, Ransom has abandoned the argument that his

2000 cocaine sale may qualify as relevant conduct under § 1B1.3(a)(1), the "during

commission of the offense" prong of the relevant conduct test.  *See United States v.*

*Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding issues not briefed

"plainly and prominently" on appeal "will be considered abandoned").  Therefore,

the only issue we need address is whether Ransom's 2000 cocaine sale qualifies as

4

relevant conduct under § 1B1.3(a)(2), the "course of conduct or common scheme or plan" prong.

Ransom has not shown that the district court erred in classifying him as a career offender.  If the 2000 cocaine sale is relevant conduct under § 1B1.3(a)(2), the 2000 cocaine sale cannot be a predicate conviction for career offender status; if it is not relevant conduct, then the offense is a predicate conviction.  The district court stated "[H]ere, the 2000 conduct was, at least as shown by this record, part of the same course of conduct or at least done under a common scheme or plan," but nevertheless concluded that Application Note 8 barred the 2000 cocaine sale from being considered relevant conduct under § 1B1.3(a)(2).  Based on the evidence introduced at the sentencing hearing, the district court did not clearly err in finding by a preponderance of the evidence that the 2000 cocaine sale was part of the same course of conduct or done under a common scheme or plan as the instant offense.  Except for Application Note 8, then, the 2000 cocaine sale would be relevant conduct to the instant offense.

The district court correctly concluded, though, that Application Note 8 excluded the 2000 cocaine sale from being relevant conduct.  Application Note 8 specifically precludes consideration of "*offense conduct* associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the *offense of conviction*)."  U.S.S.G. § 1B1.3, cmt. n.8 (emphasis added).

5

The terms "offense conduct" and "offense of conviction," as used in the Guidelines, have distinct meanings. We have explained:

> When referring to an offense, the guidelines use two similar terms: offense conduct and offense of conviction. The term offense conduct refers to the totality of the criminal transaction in which the defendant participated and which gave rise to his indictment, without regard to the particular crimes charged in the indictment. The term offense of conviction is narrower in scope, referring only to the conduct charged in the indictment for which the defendant was convicted.

*United States v. Ignancio Munio*, 909 F.2d 436, 438 n.2 (11th Cir. 1990) (per curiam) (internal quotation marks omitted).

Thus, Application Note 8 provides a narrow exception to relevant conduct for that portion of the entire criminal transaction for which a sentence was imposed before the conduct charged in the indictment. Applying this definition to Ransom's case, the sentence for the 2000 cocaine sale was imposed before the "acts or omissions constituting the instant federal offense (the offense of conviction)," because the indictment charged a conspiracy that took place between 2007 and 2010. Hence, the 2000 cocaine sale is precluded from consideration as relevant conduct under § 1B1.3(a)(2), and was properly considered a predicate offense for purposes of the career offender enhancement. Accordingly, the district court's application of the Sentencing Guidelines was proper, and we affirm.

**AFFIRMED.**

6