[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10419
Non-Argument Calendar
_____

D.C. Docket No. 8:98-cr-00203-EAK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEWARREN LAMAR JONES,
a.k.a. Bam Bam,

Defendant-Appellant.

_____

No. 15-10420
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00109-EAK-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEWARREN LAMAR JONES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 30, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kewarren Jones appeals his 245-month total sentence for distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), (Appeal No. 15-10419), and for violating the terms of his supervised release in a prior case, (Appeal No. 15-10420).  He argues that the district court erred when it classified him as a career offender under the residual clause of the Sentencing Guidelines, because his Florida conviction for false imprisonment did not qualify as a crime of violence.  He then argues that the district court abused its discretion when it ran his sentence for distribution of cocaine base consecutive to his sentence for violating his supervised release, and imposed a substantively unreasonable total sentence.

2

We previously ordered his appeal of his sentence for distribution of cocaine base consolidated with his appeal of his sentence for violating the terms of his supervised release.  For ease of reference, we will address each point in turn.

I.

We review *de novo* a district court's decision to classify a defendant as a career offender under the Sentencing Guidelines.  *United States v. Young*, 527 F.3d 1274, 1276-77 (11th Cir. 2008).

Under the 2014 version of the Guidelines, a defendant is classified as a career offender if: (1) he was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction was either a crime of violence or a controlled-substance offense; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance offense.  U.S.S.G. § 4B1.1(a) (2014).  At the time of Jones's sentencing, the Guidelines defined "'crime of violence'" as any offense under federal or state law that was punishable by imprisonment for more than one year and:

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

U.S.S.G. § 4B1.2(a) (2014).[1]

Under Florida law, false imprisonment is defined as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his or her will."  Fla. Stat. Ann. § 787.02(1)(a).

We have held that Florida false imprisonment qualified as a "violent felony" under the now-void residual clause of the Armed Career Criminal Act ("ACCA"). *United States v. Schneider*, 681 F.3d 1273, 1282 (11th Cir. 2012).  We stated that false imprisonment, even when accomplished secretly, "poses a serious potential risk of injury to another."  *Id.*  The ACCA's definition of a "violent felony" and the Guidelines's definition of a "crime of violence" are "virtually identical," so cases involving the ACCA are relevant to interpreting a "crime of violence" under the Guidelines.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (addressing the term "crime of violence" as used in the career-offender guideline, U.S.S.G. § 4B1.2).

Knowing that the Supreme Court in *Johnson* had declared the ACCA's identically phrased residual clause unconstitutionally void, we addressed the constitutionality of § 4B1.2(a)(2)'s residual clause.  *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015).  We held that the Sentencing Guidelines

---

[1] The definition of "crime of violence" in § 4B1.2 was amended effective August 1, 2016. *See* U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016).  The current definition no longer includes the residual clause.  *Id.* § 4B1.2 (2016).

cannot be unconstitutionally vague. *Id.* at 1196. The Supreme Court recently upheld that determination that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, which meant § 4B1.2(a)(2)'s residual clause was not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). The Court explained that the void-for-vagueness doctrine applies to laws that define criminal offenses and laws that fix the permissible sentences for criminal offenses, neither of which the Guidelines do. *Id*. at 892.

Here, the district court did not err when it classified Jones as a career offender. Although the residual clause of the ACCA is void, a Florida conviction for false imprisonment still qualifies as a crime of violence under the residual clause of the Guidelines. Accordingly, we affirm the district court's finding that Jones was a career offender.[2]

## II.

An appellate court reviews the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The court first ensures that the district court made no significant procedural error, and then examines

---

[2] Jones also argues that the district court should have applied the rule of lenity because the residual clause of the Sentencing Guidelines is ambiguous. Because he raises the argument for the first time on appeal, we review for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, because he has not cited to any binding precedent to establish that the rule of lenity should have applied, he has not established that the district court plainly erred. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id*. at 51. The party challenging the sentence bears the burden of showing that the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Abuse of discretion can be shown when the district court: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper facts." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). We will only vacate the sentence if "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence the lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

The Sentencing Guidelines recommend that any term of imprisonment imposed on revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). Commensurate with Guidelines policy, we have previously upheld consecutive prison terms imposed upon revocation of a term of supervised release. *See, e.g. United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994) (*per curiam*) (noting "the policy favoring imposition of consecutive sentences in cases

6

of violation of release, as expressed in [the Guidelines]" and upholding consecutive sentences for violation of release and offense causing the violation).

Although we have not adopted a presumption that a sentence within the guideline range is reasonable, we have stated that we would ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Joseph*, 709 F.3d 1082, 1105 (11th Cir. 2013). Courts must consider, among other things, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and afford adequate deterrence, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1)-(2), (6). The district court must evaluate all of the § 3553(a) factors, but it may attach greater weight to one factor over the others. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). The district court sufficiently addresses the § 3553(a) factors when it acknowledges that it has considered the factors and the defendant's arguments. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Jones has not shown that the district court abused its discretion in imposing a consecutive sentence because the court's decision to run his sentences consecutively was consistent with Guidelines policy. He also has not shown that his total sentence was unreasonable. His sentence as to each offense was within

the guideline range and he has not identified any way in which the court abused its discretion. Accordingly, we affirm his 245-month total sentence.

**AFFIRMED.**